# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manmeet Singh,<br><br>          Petitioner,<br><br>v.<br><br>Christopher Howard, et al.,<br><br>          Respondents. | No. CV-26-00108-PHX-KML (JZB)<br><br>**ORDER** |

Petitioners Manmeet Singh filed a petition for writ of habeas corpus under § 2241. (Doc. 1.) The court will direct respondents to show cause why the petition should not be granted.

**I.   Background**

Petitioner is a citizen of India who entered the United States in November 2023. After three days in immigration detention, petitioner was released on conditional parole. (Doc. 1 ¶ 1.) Petitioner complied with all conditions of his release but was redetained on November 29, 2025, without notice or an opportunity to respond to the reasons for his redetention. (*Id.* ¶ 2.) Petitioner alleges his detention is governed by § 1226 and not § 1225 and his redetention without notice or an opportunity to respond violates his due process rights. Petitioner seeks release from custody or a bond hearing.

**II.  Order to Show Cause**

The court notes the growing number of cases holding that individuals like petitioner who was released from immigration detention are entitled to a pre-deprivation

hearing prior to any rearrest or detention as a matter of due process. *See, e.g., J.C.E.P. v. Minga Wofford*, 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, 25-CV-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, 1:25-CV-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").[1]

Respondents must therefore show cause why the petition should not be granted and petitioner released from custody.

**IT IS ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov; and Theo Nickerson at theo.nickerson2@usdoj.gov.

---

[1] Furthermore, a district court in the Central District of California recently certified a class that may include petitioners. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). For this additional reason, petitioner may be entitled to be released from custody or provided a bond redetermination hearing.

(4)  Respondents must show cause why the Petition should not be granted no later than **January 20, 2026**. Petitioner may file a reply no later than **January 22, 2026**.

Dated this 13th day of January, 2026.

*Krissa M. Lanham*

**Honorable Krissa M. Lanham**
**United States District Judge**